UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
JOY MORETTI,

                      Plaintiff,

   - against -

ACURA OF BEDFORD HILLS, WESTCHESTER IMPORT CARS, LTD.,
WESTCHESTER IMPORTS INC. and ED SERINO,

                      Defendants.
-----------------------------------X

06 CV 5784

**COMPLAINT AND JURY TRIAL DEMAND**

    Plaintiff Joy Moretti, by her attorney, Robert J. Barsch, Esq., as and for her Complaint, alleges as follows:

## NATURE OF THE ACTION

    1. This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to make whole plaintiff Joy Moretti. Defendants constructively discharged plaintiff, a qualified individual with a disability, night blindness, or a perceived disability, from her position as a receptionist, because of her disability or perceived disability. Defendants also unlawfully retaliated against plaintiff because of her complaints of discrimination.

## JURISDICTION AND VENUE

    2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. sections 451, 1331, 1337, and 1343. This action is authorized and instituted pursuant to section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C.

section 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. sections 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. section 1981a.

3. Venue properly lies in the Southern District of New York pursuant to 28 U.S.C. Section 1391 in that the employment practices hereafter alleged to be unlawful were and now are being committed in the Southern District of New York, and defendants may be found in the Southern District of New York.

4. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission.

5. On April 24, 2006, the Equal Employment Opportunity Commission issued a Notice of Right to Sue, and this action has been commenced within ninety days of receipt by plaintiff of the Notice of Right to Sue.

## PARTIES

6. Plaintiff is a natural person and resides at 2 Brooke Hollow Lane, Peekskill, New York, and he was an employee of Defendants until June, 2005, when plaintiff was forced to resign.

7. At all relevant times, Defendant Acura of Bedford Hills has been and is now a New York corporation doing business in the State of New York and the City of New York, is located at 700 Bedford Road, Bedford Hills, New York, and has continuously had

and does now have at least twenty-five (25) employees.

8. At all relevant times, Defendant Westchester Import Cars, Ltd. has been and is now a New York corporation doing business in the State of New York and the City of New York, is located at 700 Bedford Road, Bedford Hills, New York, and has continuously had and does now have at least twenty-five (25) employees.

9. At all relevant times, Defendant Westchester Imports, Inc. has been and is now a New York corporation doing business in the State of New York and the City of New York, is located at 700 Bedford Road, Bedford Hills, New York, and has continuously had and does now have at least twenty-five (25) employees.

10. At all relevant times, Defendants are an Employer within the meaning of Section 101(5)(A) of the ADA, 42 U.S.C. section 12111(5)(A).

11. At all relevant times Defendants have continuously been engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. section 12111(5), and Section 107(a) of the ADA, 42 U.S.C. section 12117(a), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. section 2000e(g) and (h).

12. At all relevant times, Defendants have been a covered entity under Section 101(2) of the ADA, 42 U.S.C. section 12111(2).

13. Defendant Ed Serino was plaintiff's supervisor at her employment, and works at 700 Bedford Road, Bedford Hills, New York.

## AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION

14. More than thirty (30) days prior to the institution of this lawsuit, plaintiff filed a Charge with the Equal Employment Opportunity Commission alleging violations of Title I of the ADA by defendants. All conditions precedent to the institution of this lawsuit have been fulfilled.

15. Since at least October, 2004, defendants have engaged in unlawful employment practices in violation of the ADA Sections 102(a), 102(b)(1) and 102(b)(5)(B), 42 U.S.C. sections 12112(a), 12112(b)(1) and 12112(b)(5)(B). These practices include but are not limited to defendants' refusal to reasonably accommodate plaintiff's eye condition.

16. Plaintiff is at all times a qualified individual with a disability, or a perceived disability, who was able to perform the essential functions of her position with or without reasonable accommodation, because of her disability, and defendant's constructive discharge of plaintiff was based on plaintiff's disability.

17. The effect of practices complained of above has been to deprive plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her

disability or perceived disability.

18. The unlawful employment practices complained of above were and are intentional.

19. As a direct and proximate cause of all acts of disability discrimination, plaintiff suffered damages in an amount to be determined at trial.

## AS AND FOR PLAINTIFF'S SECOND CAUSE OF ACTION

20. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "19" herein as if fully set forth hereat.

21. The New York State Executive Law Section 296 makes it unlawful to discriminate against an employee in the terms, conditions or privileges of employment on the basis of a disability.

22. The Executive Law makes it unlawful for a resident person to violate any provision of the Executive Law or to aid, abet, incite, compel or coerce the doing of any of the forbidden acts, or to attempt to do so.

23. As a direct and proximate cause of all acts of disability discrimination, plaintiff suffered damages in an amount to be determined at trial.

## AS AND FOR PLAINTIFF'S THIRD CAUSE OF ACTION

24. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "23" herein as if fully set forth hereat.

25. Since at least October, 2004, defendants have engaged in unlawful employment practices in violation of the ADA Sections 102(a), 102(b)(1) and 102(b)(5)(B), 42 U.S.C. sections 12112(a), 12112(b)(1) and 12112(b)(5)(B). These practices include but are not limited to defendants' retaliation against plaintiff for complaining about the discrimination she encountered.

26. Plaintiff is at all times a qualified individual with a disability, or a perceived disability, who was able to perform the essential functions of her position with or without reasonable accommodation, because of her disability, and defendant's constructive discharge of plaintiff was based on plaintiff's complaints of discrimination based upon her disability.

27. The effect of practices complained of above has been to deprive plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her complaints of discrimination based upon her disability or perceived disability.

28. The unlawful employment practices complained of above were and are intentional.

29. As a direct and proximate cause of all acts of disability discrimination, plaintiff suffered damages in an amount to be determined at trial

## AS AND FOR PLAINTIFF'S FOURTH CAUSE OF ACTION

30. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "29" herein as if fully set forth hereat.

31. The New York State Executive Law Section 296 makes it unlawful to retaliate against an employee in the terms, conditions or privileges of employment on the basis of a complaint of discrimination based upon a disability.

32. The Executive Law makes it unlawful for a resident person to violate any provision of the Executive Law or to aid, abet, incite, compel or coerce the doing of any of the forbidden acts, or to attempt to do so.

33. As a direct and proximate cause of all acts of unlawful retaliation based upon disability discrimination, plaintiff suffered damages in an amount to be determined at trial.

WHEREFORE, plaintiff respectfully demands judgment as follows:

a. against defendants ACURA OF BEDFORD HILLS, WESTCHESTER IMPORT CARS, LTD., and WESTCHESTER IMPORTS INC., on the First Cause of Action, granting a permanent injunction enjoining

defendants, its owners, officers, management personnel, employees, agents, successors, assigns; and enjoining defendant, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of disability; ordering defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities to qualified individuals with disabilities, and which eradicate the effects of past and present unlawful employment practices; ordering defendants to make whole plaintiff by providing her with appropriate lost earnings and insurance premiums, with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to reinstatement of plaintiff to her position; ordering defendants to make whole plaintiff by providing compensation for pecuniary losses, including but not limited to costs to be incurred for health and life insurance premiums and costs of seeking new employment, in amounts to be determined at trial; ordering defendant to make whole plaintiff by providing compensation for non-pecuniary losses, including emotional pain, suffering, inconvenience and mental anguish in amounts to be proven at trial;

    b.   against defendants ACURA OF BEDFORD HILLS, WESTCHESTER IMPORT CARS, LTD., WESTCHESTER IMPORTS INC. and ED SERINO, on the

Second Cause of Action, granting a permanent injunction enjoining defendants, its owners, officers, management personnel, employees, agents, successors, assigns; and enjoining defendant, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of disability; ordering defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities to qualified individuals with disabilities, and which eradicate the effects of past and present unlawful employment practices; ordering defendants to make whole plaintiff by providing her with appropriate lost earnings and insurance premiums, with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to reinstatement of plaintiff to her position; ordering defendants to make whole plaintiff by providing compensation for pecuniary losses, including but not limited to costs to be incurred for health and life insurance premiums and costs of seeking new employment, in amounts to be determined at trial; ordering defendant to make whole plaintiff by providing compensation for non-pecuniary losses, including emotional pain, suffering, inconvenience and mental anguish in amounts to be proven at trial;

c. against defendants ACURA OF BEDFORD HILLS, WESTCHESTER IMPORT CARS, LTD., and WESTCHESTER IMPORTS INC., on the Third Cause of Action, granting a permanent injunction enjoining defendants, its owners, officers, management personnel, employees, agents, successors, assigns; and enjoining defendant, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of disability; ordering defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities to qualified individuals with disabilities, and which eradicate the effects of past and present unlawful employment practices; ordering defendants to make whole plaintiff by providing her with appropriate lost earnings and insurance premiums, with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to reinstatement of plaintiff to her position; ordering defendants to make whole plaintiff by providing compensation for pecuniary losses, including but not limited to costs to be incurred for health and life insurance premiums and costs of seeking new employment, in amounts to be determined at trial; ordering defendant to make whole plaintiff by providing compensation for non-pecuniary losses, including emotional pain, suffering, inconvenience and mental anguish in

amounts to be proven at trial;

    d. against defendants ACURA OF BEDFORD HILLS, WESTCHESTER IMPORT CARS, LTD., WESTCHESTER IMPORTS INC. and ED SERINO, on the Fourht Cause of Action, granting a permanent injunction enjoining defendants, its owners, officers, management personnel, employees, agents, successors, assigns; and enjoining defendant, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of disability; ordering defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities to qualified individuals with disabilities, and which eradicate the effects of past and present unlawful employment practices; ordering defendants to make whole plaintiff by providing her with appropriate lost earnings and insurance premiums, with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to reinstatement of plaintiff to her position; ordering defendants to make whole plaintiff by providing compensation for pecuniary losses, including but not limited to costs to be incurred for health and life insurance premiums and costs of seeking new employment, in amounts to be determined at trial; ordering defendant to make whole plaintiff by providing compensation for non-pecuniary losses, including

emotional pain, suffering, inconvenience and mental anguish in amounts to be proven at trial;

    e.  punitive damages, where applicable;

    f.  such further relief as the Court deems necessary and proper; and

    g.  costs in this action, including reasonable attorneys fees.

Dated:  New York, New York
        July 29, 2006

                              Respectfully submitted,

                              _____
                              ROBERT J. BARSCH, ESQ.
                              RB 1612
                              Attorney for plaintiff
                              60 East 42nd Street
                              Suite 2501
                              New York, NY 10017
                              (212) 986-2251

**JURY TRIAL DEMAND**

Plaintiff requests a jury trial on all questions of fact raised by the Complaint.

Dated:  New York, New York
        July 29, 2006

                                                  Respectfully submitted,

                                                  ROBERT J. BARSCH, ESQ.
                                                RB 1612
                                                Attorney for plaintiff
                                                60 East 42nd Street
                                                Suite 2501
                                                New York, NY 10017
                                                (212) 986-2251